UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE BRZEZINSKI,

    Petitioner,          Case No. 1:13-CV-1201

v.                 HON. ROBERT J. JONKER

WILLIE SMITH,

    Respondent.
              /

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner, Jimmie Brzezinski, has filed an objection (docket #16) to Magistrate Judge Hugh W. Brenneman's Report and Recommendation issued February 5, 2014 (docket #15). The Report and Recommendation recommends that this Court deny Brzezinski's habeas corpus petition as untimely. When a party objects to a magistrate judge's report and recommendation, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge that is relevant to the findings under attack. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After conducting a de novo review of the Report and Recommendation, Brzezinski's objections, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

# I. Background

As detailed in the Report and Recommendation without objection:

> Petitioner Jimmie Brzezinski presently is incarcerated at the Carson City Correctional Facility. Petitioner pleaded guilty to third-degree criminal sexual conduct in the Kent County Circuit Court on November 13, 2001. On January 17, 2002, he was sentenced to a prison term of four to fifteen years.
>
> Petitioner did not file an application seeking direct appeal of his conviction or sentence. However, on August 17, 2011, he filed a "Petition for Writ of Error Corrum Nobis," which the Kent County Circuit Court construed as a motion for relief from judgment under MICH. CT. R. 6.502. The court denied the motion on August 26, 2011. On August 6, 2012, Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, which was denied on October 29, 2012, because Petitioner had failed to demonstrate entitlement to relief under MICH.CT. R. 6.508(D). Petitioner thereafter sought leave to appeal to the Michigan Supreme Court. The supreme court denied leave to appeal for the same reason as the court of appeals on May 28, 2013, and it denied reconsideration on September 3, 2013.
>
> On August 12, 2013, Petitioner filed an original complaint for superintending control in the Michigan Court of Appeals, which was denied on November 27, 2013.

(Report and Recommendation, docket #15, Page ID 101–02.) Brzezinski filed his habeas corpus petition in this Court on or about October 21, 2013.[1] He filed his amended petition on or about January 9, 2014.

# II. Brzezinski's Objections

Brzezinski objects that the magistrate judge erred in concluding Brzezinski is not entitled to equitable tolling of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). Brzezinski argues that he is entitled to equitable tolling because he "has been transferred from one prison to

---

[1] As the magistrate judge observed in his Report and Recommendation, under Sixth Circuit precedent, the petition is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Brzezinski dated his petition October 21, 2013 and it was received by the Court for filing on October 25, 2013. For the purposes of this report, the Court has given Brzezinski the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

another, he has suffered loss of property during transfer, most of which was his legal property." (Objection, docket #16, Page ID 110.)

### III. Discussion

Brzezinski's objection is unpersuasive. He has not offered any concrete facts, such as dates of transfer between correctional facilities or the specific legal property that he lost during transfer, to substantiate that he was unable to file a timely habeas petition. Brzezinski's deadline to file his habeas petition was January 17, 2004 (one year from his deadline to file a delayed application for leave to appeal in the Michigan Court of Appeals on direct appeal). *See* 28 U.S.C. § 2244(d)(1)(A). He actually filed his petition on October 21, 2013—almost ten years later. Brzezinski's ambiguous statement that he was transferred between facilities and lost legal property in the process is insufficient to establish entitlement to equitable tolling of the one-year statute of limitations. Brzezinski is not entitled to habeas relief because his petition is barred by the statute of limitations.

### IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Brzezinski's claims under the *Slack* standard.

3

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Brzezinski's petition was debatable or wrong. Thus, the Court will deny Brzezinski a certificate of appealability.

Therefore, the Court will adopt the recommendation of the Report and Recommendation. A separate judgment will issue.


Dated: March 11, 2014                                    /s/ Robert J. Jonker  
                                                                    ROBERT J. JONKER  
                                           UNITED STATES DISTRICT JUDGE